IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINE VREVEN<br>8315 Loring Drive<br>Bethesda, MD 20817<br><br>  Plaintiff,<br><br>vs.<br><br>AARP<br>601 E Street, NW<br>Washington, D.C. 20049<br><br>  Serve: CT Corporation<br>  Registered Agent<br>  1015 15th Street, NW<br>  Suite #1000<br>  Washington, DC 20005<br><br>  Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Case No. _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

## COMPLAINT

COMES NOW Plaintiff, by counsel, and, as her Complaint, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Line Vreven ("Vreven") is an individual domiciled in Bethesda, Maryland.

2. Defendant AARP ("AARP") is a District of Columbia Domestic Nonprofit Corporation with its principal place of business in the District of Columbia.

3. Jurisdiction is proper here under 28 U.S.C. § 1332(a). Venue is proper here under 28 U.S.C. § 1391.

### FACTS

4. Vreven was born in Belgium. She moved to the United States in 1998 as a

diplomat, and then began her immigration process in 2002. She is currently a permanent resident of the United States.

5. On or about May 17, 2006, Vreven entered into an employment agreement with AARP. Pursuant to said employment agreement, Vreven was to serve as Project Manager, Policy & Strategy, International Affairs, and was to receive a bi-weekly salary of $3,846.50.

6. AARP is a tax-exempt entity pursuant to § 501(c)(4) of the Internal Revenue Code.

7. On or about April 9, 2007, Vreven was promoted to Director of International Affairs, PAS-Policy Strategy, with a bi-weekly salary of $5,385.10.

8. In February 2008, Vreven was promoted to Vice President of International Affairs at AARP. As Vice President, Vreven was an officer of AARP.

9. AARP Global Network, LLC ("AGN") is a District of Columbia limited liability company. Upon information and belief, AGN was founded, and is wholly owned and operated by AARP.

10. During her employment with AARP, Vreven expressed concerns to her supervisors regarding AARP's relationship to AGN, and that the relationship and transactions between the two entities placed AARP's tax-exempt status in jeopardy.

11. During her employment with AARP, Vreven expressed concerns to her supervisors regarding AARP employees' mishandling and improper spending of AARP funds, and inadequate audit procedures.

12. Also during her employment with AARP, Vreven received employment evaluations stating that she had "communication challenges, both oral and written, that may be a

function of a different cultural background."

13.    On or about May 15, 2008, AARP terminated Vreven's employment with AARP.

## Count I

### Wrongful Termination in Violation of Public Policy

14.    Vreven incorporates by reference paragraphs 1 to 13.

15.    AARP terminated Vreven's employment because she objected to AARP's abuse of its structure and tax-exempt status resulting in AARP's evasion and avoidance of taxes pursuant to the Internal Revenue Code.

16.    AARP terminated Vreven's employment because she refused to assist in the commission of unlawful acts.

17.    AARP's termination of Vreven violated public policy.

18.    The sole reason for Vreven's termination was her refusal to violate the law.

19.    In the alternative, AARP terminated Vreven's employment because she reported AARP's illegal activities to her supervisors.

20.    AARP's termination of Vreven violated public policy.

21.    The sole reason for Vreven's termination was her reporting of AARP's illegal activities to her supervisors.

22.    AARP's termination of Vreven was willful, wanton and malicious. Indeed, subsequent to the termination, several members of AARP's Board of Directors wanted to and did provide references for Vreven, but AARP mandated that those references be withheld or withdrawn in order to punish Vreven for her efforts at requiring AARP to comply with the law.

WHEREFORE, Plaintiff Line Vreven prays that judgment be entered in her favor against

Defendant AARP, as follows:

    A.    Compensatory damages in the amount of $250,000, with interest from May 15, 2008 a the rate of 6% per annum;

    B.    Punitive damages in the amount of $250,000;

    C.    Plaintiff's costs in this action, including reasonable attorneys fees; and

    D.    Such other and further relief as deemed just and proper by the Court.

## Count II

### Unlawful Discrimination Due to National Origin

23.    In the alternative to Count I, Vreven incorporates by reference paragraphs 1 to 13 above.

24.    Vreven is a member of a protected class pursuant to D.C. Code § 2-1402.11.

25.    Until the date of her termination, Vreven satisfactorily performed the duties of her employment.

26.    Until the date of her termination, Vreven received very good performance reviews above the average of the organization itself and other managers within AARP. The sole negative remark was that she had "communication challenges, both oral and written, that may be a function of a different cultural background."

27.    AARP terminated Vreven because of her national origin, in violation of D.C. Code § 2-1402.11.

WHEREFORE, Plaintiff Line Vreven prays that judgment be entered in her favor against Defendant AARP, as follows:

1.    Compensatory damages in the amount of $250,000, with interest from May 15,

2008 a the rate of 6% per annum;

    2.    Plaintiff's costs in this action, including reasonable attorneys fees; and

    3.    Such other and further relief as deemed just and proper by the Court.

Respectfully submitted,

_____
Edward J. Tolchin
DC Bar #297556
Fettmann, Tolchin & Majors, P.C.
10509 Judicial Drive, Suite 300
Fairfax, Virginia 22030
(703) 385-9500
(703) 385-9893 (facsimile)
etolchin@ftm-pc.com
Counsel for Plaintiff

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all matters so triable.

_____
Edward J. Tolchin

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Line Vreven

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Montgomery Co.
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

AARP

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Fettmann, Tolchin & Majors, PC
10509 Judicial Drive, Suite 300
Fairfax, VA 22030
(703) 385-9500

Case: 1:08-cv-01099
Assigned To : Friedman, Paul L.
Assign. Date : 6/25/2008
Description: Labor-ERISA

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⦿ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☒ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

-This is a diversity action under 28 U.S.C. 1332, seeking recovery of damages due to a termination of employment violating public policy.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 250,000.00   Check YES only if demanded in compl: JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 06/19/08   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.