# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINE VREVEN, | : |
| Plaintiff, | : |
| | : Case: 1:08-CV-01099-PLF |
| v. | : |
| AARP, | : |
| Defendant. | : |

## MOTION TO DISMISS COUNT I OF COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant AARP, by and through its counsel, Epstein Becker & Green, P.C., moves to dismiss Count I of the Complaint in this matter, alleging wrongful discharge in violation of public policy, for failure to state a claim upon which relief can be granted.

In support of the relief requested herein, Defendant submits a supporting Memorandum of Points and Authorities, which shows that Plaintiff has failed to state a claim upon which relief can be granted because the Complaints fails to allege facts sufficient to establish a wrongful discharge in violation of public policy.

Respectfully submitted,

/s/ Frank C. Morris, Jr.
Frank C. Morris, Jr., Esq.
EPSTEIN BECKER & GREEN, P.C.
Bar No. 211482
1227 25th Street, NW
Suite 700
Washington, D.C. 20037-1156
(202) 861-1880
Counsel for Defendant  AARP

DC:1485249v3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINE VREVEN, | : |
| Plaintiff, | : |
| v. | : Case: 1:08-CV-01099-PLF |
| AARP, | : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNT I OF COMPLAINT**

**I.  Introduction and Background**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant AARP moves to dismiss Count I of the Complaint for failure to state a claim upon which relief can be granted.

The Complaint in this case challenges Plaintiff's discharge from her employment as Vice President of International Affairs of Defendant AARP on two grounds:  she alleges in Count I that her discharge was in violation of the public policy exception to the employment at will rule in the District of Columbia; and she alleges in Count II that she was discharged on the basis of her national origin, which is Belgian.

Defendant moves to dismiss Count I for failure to state a claim.  Plaintiff alleges that she was discharged because she "expressed concerns" to her "supervisors" that AARP's relationship with a for profit entity might place the organization's tax exempt status at risk and about unidentified expense and/or accounting abuses by unidentified employees. While AARP vigorously contests these disingenuous and unfounded allegations, it also submits that, even if such allegations were true, they are not sufficient to bring Plaintiff within the public policy

exception of the employment at will rule in the District of Columbia. Her conclusory allegations contained in a separate section of her Complaint that she refused to "assist in the commission of unlawful acts" and refused "to violate the law" are unsupported by any factual allegations whatsoever and are insufficient to survive a Rule 12(b)(6) motion.

## II.     Legal Standard

Under Fed. R. Civ. P. 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Mere conclusory statements and allegations are an insufficient basis upon which relief can be granted. *Bell Atl. Co. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Consequently, Plaintiff must set forth sufficient facts that include "more than [generic] labels and [broad] conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Supreme Court has cautioned that courts have a duty not to "conjure up unpleaded facts," *Twombly,* 127 S. Ct. at 1969 (*quoting O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), but rather to dismiss "if the plaintiff fails to plead 'enough facts to state a claim for relief that is plausible on its face.'" *Bailey v. Verizon Commc'ns, Inc.,* 544 F. Supp. 2d 33, 36 (D.D.C. 2008), *citing Twombly,* 127 S. Ct. at 1974. Furthermore, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citation omitted).

Application of these standards requires dismissal of Count I of Plaintiff's Complaint. To the extent Plaintiff is attempting to plead a cause of action for wrongful discharge based on her "expressing concerns" to her supervisors, such a claim does not fall within the District of Columbia's very narrow exception to the employment at will doctrine for discharges that violate

public policy. To the extent Plaintiff is attempting to plead a cause of action for wrongful discharge based on her vague and factually unsupported assertion that she "refused to assist in the commission of unlawful acts," such claim is a legal conclusion cast in the form of a factual allegation, and as such, is insufficient to survive dismissal.

**III.   Argument**

**Plaintiff Fails to State a Claim for Wrongful Discharge in Violation of Public Policy.**

Under the case law of the District of Columbia, employment is deemed to be "at will" unless otherwise specified as a matter of contract, meaning that just as an employee is free to resign at any time for any reason, so too is an employer free to discharge an employee at any time for any reason. Although the courts of the District of Columbia have recognized an exception to the employment at will rule, creating a cause of action where a discharge is violation of public policy, this exception is a very narrow exception, generally applicable where "the sole reason for the discharge is the employee's refusal to violate the law, as expressed in a statute or municipal regulation," *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 34 (D.C. 1991), or where there is a "clear showing, based on some identifiable policy that has been 'officially declared' in a statute or municipal regulation, or in the Constitution" that an exception to the general an-will employment rule is found. *Carl v. Children's Hosp.*, 702 A.2d 159, 164 (D.C. 1997) (en banc)(per curiam).

The *Adams* case and its progeny thus require a wrongful discharge plaintiff to prove that he or she was forced to choose between violating the law and keeping a job. *Id*. *See also*, *Bailey*, 544 F. Supp. 2d at 33 (D.D.C. 2008); *Taylor v. Washington Metro. Area Transit Auth.*, 922 F. Supp. 665, 675 (D.D.C. 1996), *aff'd*, 2000 U.S. App. LEXIS 35427 (D.C. Cir. Dec. 20, 2000).

In *Carl v. Children's Hospital*, 702 A.2d at 160, the Court of Appeals for the District of Columbia broadened the application of the public policy exception to a limited extent, but underscored that the application of the public policy exception remains extremely narrow:

> Th[e] court should consider seriously only those arguments that reflect a *clear mandate of public policy* -- i.e., those that make a clear showing, based on some *identifiable policy that has been "officially declared" in a statute or municipal regulation, or in the Constitution*, that a new exception is needed. Furthermore, there must be a *close fit between the policy thus declared and the conduct at issue* in the allegedly wrongful termination.

*Id.* at 164 (Terry, J., concurring) (emphasis added). Thus, cognizable wrongful discharge cases under District of Columbia law have rested on clearly-expressed public policies, the violation of which is directly at issue in the case.

For instance, in the *Carl* case, the plaintiff, a nurse in the Neonatal intensive care unit of Children's Hospital alleged that she was discharged because of her advocacy before the legislature and courts for patients' rights. Specifically, she had testified before the Council of the District of Columbia in opposition to tort reform legislation, taking an interest contrary to that of her employer. She argued, among other things, that her discharge contravened the public policy expressed in D.C. Code Section 1-224 (1992), which makes it a criminal offense to endeavor to "influence, intimidate or impede any witness in any proceeding pending before the Council . . . ." *Id.* at 160. The Court agreed that this public policy was "solidly based" on, or "firmly anchored in," Section 1-224, and held that the complaint, to the extent it alleged that plaintiff's testimony before the legislature was the basis for her discharge, could state a claim for discharge in violation of public policy. In so holding the Court held that "the recognition of any public policy exception to the at-will doctrine must be solidly based on a statute or regulation that reflects the particular public policy to be applied, or (if appropriate) on a constitutional provision concretely

applicable to the defendant's conduct. This is consistent with *Sorrels* and *Adams* . . . ." *Carl*, 702 A.2d at 163.[1]

Similarly, in *Washington v. Guest Services, Inc.*, 718 A.2d 1071 (D.C. 1998), the plaintiff alleged she was discharged because she argued with co-workers and managers and tried to prohibit them from violating food preparation standards. Plaintiff's legal and safety concern involved food preparation in a nursing home. She refused to allow others to spray a particular cleaning solution on and around food, claiming that such spraying violated D.C. municipal regulations concerning food preparation, including a regulation that specifically prohibits dispensing or preparing food that is not "appropriately protected from deleterious aerosol . . . ." 23 DCMR § 2101.1 (1990). *Washington*, 718 A.2d at 1073 n.1. Given the public health and safety policies evidenced by this and other regulations, which were compromised *by the very conduct at issue in the case*, the court found that the plaintiff stated a claim for public policy wrongful discharge. *See also, Fingerhut v. Children's Nat'l Med. Ctr.*, 738 A.2d 799 (D.C. 1999) (police officer fired for recording and reporting center's alleged bribe of government official and participating in FBI investigation regarding these actions stated wrongful discharge claim based on public policies expressed in D.C. Code Sections 4-142, 22-704 and 4-175, concerning police officer duties and prohibition of felony crime of bribery); *Liberatore v. Melville Corp.*, 168 F.3d 1326 (D.C. Cir. 1999) (pharmacist discharged for threatening to report to FDA the practice of storing drugs at improper temperatures and consequent adulteration of

---

[1] In so holding, the Court rejected the notion that a nursing code of ethics could be viewed as a possible source of public policy, *Carl*, 702 A.2d at 165. It left open "whether, in an unusual case, where the legislature has not . . . had occasion to address by law or regulation a substantial danger to public health or public safety, termination of an[y] employee for reporting such danger to public authorities would be actionable. [The plaintiff's] decision to speak out publicly on general issues related to public health, specifically tort reform, . . . does not rise to that level." *Id.* at 163 n.4.

drugs, stated claim based on federal regulations under Food, Drug and Cosmetic Act and D.C. Code Sec. 2-2013(a)).

The Complaint in this case does not and cannot in good faith allege sufficient facts to state a claim under the public policy exception. In this case, Plaintiff alleges that she was discharged after she allegedly "expressed concerns" to her "supervisors" (Compl. ¶¶ 10-11) about two very broad issues:

(a) an alleged tax issue. In the "Facts" section of her Complaint, Plaintiff does not specifically identify the nature of her alleged "concerns" other than to say they related to AARP's relationship with a for-profit subsidiary owned and operated by AARP, which itself is a non-profit, 501(c)(4) entity. She alleges that the concerns she voiced related to whether "the relationship and transactions between the two entities placed AARP's tax –exempt status in jeopardy." (Compl. ¶ 10.)

(b) unidentified "employees' mishandling and improper spending of AARP funds and inadequate audit procedures." (Compl. ¶ 11.)

In a separate part of the Complaint, following the recitation of the "Facts," Plaintiff sets forth her Count I allegations regarding public policy wrongful discharge. In this section, Plaintiff makes general, broad conclusions without pleading any specific factual allegations whatsoever that set forth a cause of action for wrongful discharge in violation of public policy. These conclusory "label"-type allegations are: (a) that Defendant terminated Plaintiff's employment "because she objected to AARP's abuse of its structure and tax-exempt status resulting in AARP's evasion and avoidance of taxes…" (Compl. ¶ 15), (b) that Defendant terminated Plaintiff's employment because she "refused to assist in the commission of unlawful acts" (Compl. ¶ 16);  (c) that "the sole reason" for Plaintiff's termination was her refusal to

violate the law (Compl. ¶ 18); and (d) in the alternative, Plaintiff was discharged "because she reported AARP's illegal activities to her supervisors" (Compl. ¶ 19).

While Plaintiff's factual allegations in Paragraphs 10 and 11 are not a model of clarity, they do at a minimum specify Plaintiff's assertions that she voiced concerns to unidentified supervisors about AARP's maintenance of its tax-exempt status and that she voiced concerns to unidentified supervisors about what she perceived to be inappropriate spending by unidentified employees.   There is not even a hint in the latter conclusory paragraphs with regard to anyone purportedly asking Plaintiff to violate the law, in what regard she was supposedly asked to violate the law, and how she allegedly responded.   Plaintiff's Complaint assertions are nothing more than formulaic recitations of the elements of a cause of action for wrongful discharge in violation of public policy.

In contrast to the well-articulated public policies identified in the case law of the District of Columbia, which are encompassed in specific statutes and regulations, plaintiff here only pleads vaguely that she "expressed concerns" to her supervisors about two issues. These non-specific and speculative allegations do not properly state a wrongful discharge claim.

As a threshold matter, plaintiff has not identified any violation of law, but merely that she "expressed concerns" that AARP's tax exempt status might be in jeopardy and that other unidentified employees mishandled and improperly spent AARP funds.  She thus has not, as a matter of law, pled the existence of the "type of public policy necessary to trigger the public policy exception." *Martin v. American Univ.*, No. 98-7174, 1999 WL 1125168, at *2 (D.C. Cir. Nov. 22, 1999) (nurse alleging wrongful discharge for preventing incompetent nurse from performing clinical duties did not clearly identify public policy based generally on District's codes that regulate nurses). *Wallace v. Skadden, Arps*, *Slate, Meagher & Flom*, 715 A.2d 873

(D.C. 1998) (finding the following is not sufficient to allege a termination in violation of public policy: claim that attorney was discharged for reporting alleged wrongdoing to her supervisors, including inadequate supervision of junior attorneys, toleration of inadequate translations, lying about the "true authorship" of documents, providing untruthful assessments of plaintiff's work, and "lying to clients by altering . . . "as filed" . . . documents after they had been filed"). Plaintiff's wrongful discharge claim fails for this reason alone.

Further, plaintiff pleads no facts to support the conclusion that her termination was the result of her reporting conduct that allegedly violated some public policy of the District of Columbia.

The complaint also fails to plead facts which support the existence of "a close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination." *Carl*, 702 A.2d at 164.

For these reasons, this complaint fails to state a claim for public policy wrongful discharge under the law of the District of Columbia. The mere mention of "expressing concerns" to one supervisors is not sufficient to state a claim. To the extent Plaintiff makes reference to participating in conduct which violated the law, she does not alleged what the conduct was, who directed her to engage in such conduct, and what law allegedly was being violated. They are conclusory allegations, insufficient to state a claim.

                                                           Respectfully submitted,

                                                           /s/ Frank C. Morris, Jr.
                                                         Frank C. Morris, Jr., Esq.
                                                         Bar No. 211482
                                                         EPSTEIN BECKER & GREEN, P.C.
                                                         1227 25th Street, NW, Suite 700
                                                         Washington, D.C. 20037-1156
                                                         (202) 861-1880
                                                         Counsel for Defendant AARP

## CERTIFICATE OF SERVICE

      The undersigned counsel for the Defendant hereby certifies that a true and correct copy of the attached Motion to Dismiss Count II of the Complaint was served on the 20th day of August, 2008 via Electronic Service upon the following attorney for the Plaintiff:

> Edwin J. Tolchin, Esq.
> Fettman, Tolchin & Majors, P.C.
> 10509 Judicial Drive, Suite 300
> Fairfax, VA 22030

      /s/ Frank C. Morris, Jr.
      Frank C. Morris, Jr.

August 20, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINE VREVEN,<br><br>    Plaintiff,<br><br>v.<br><br>AARP,<br><br>    Defendant. | :<br>:<br>:<br>:  Case: 1:08-CV-01099-PLF<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

Having considered the Motion of Defendant AARP to dismiss Count I of the Complaint, Plaintiff's Opposition thereto, and the record in this case, it is HEREBY ORDERED,

That the Motion to Dismiss Count I of the Complaint be and hereby is GRANTED, and Count I, alleging wrongful discharge in violation of public policy, is DISMISSED WITH PREJUDICE, pursuant to Fed. R. Civ. P. 12(b)(6).

_____
United States District Judge

DC:1519691v1