IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINE VREVEN,

          Plaintiff,

v.

AARP,

          Defendant.

Case: 1:08-CV-01099-PLF

**ANSWER TO COUNT II OF COMPLAINT**

Defendant AARP, by and through its counsel, Epstein Becker & Green, P.C., answers the general allegations and allegations of Count II to the Complaint as follows, having moved to dismiss Count I.

1. Defendant lacks information sufficient to enable it to admit or deny the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint, but denies that any improper actions occurred in this or any other jurisdiction.

4. Defendant lacks information sufficient to enable it to admit or deny the allegations of Paragraph 4 of the Complaint.

5. Defendant denies that it ever entered into an employment agreement with Plaintiff, and answering further, avers that Plaintiff was an at-will employee of Defendant. Defendant admits that Plaintiff was hired as a Project Manager and that she was to receive a bi-weekly salary of $3,846.50.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant admits the allegations of Paragraph 12, but states that "evaluations" should be singular.

13. Defendant admits the allegations of Paragraph 13 of the Complaint.

## COUNT ONE

Defendant has moved to dismiss Count One of the Complaint, and therefore does not Answer Paragraphs 14-22.

## COUNT TWO

23. Defendant incorporates by reference its responses to Paragraphs 1-13 of the Complaint.

24. Defendant is without information sufficient to enable it to admit or deny the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint as stated, though it admits that Plaintiff's annual written performance evaluations were largely favorable.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

## **PRAYER FOR RELIEF**

28. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint or to any other relief.

## GENERAL DENIAL

29. To the extent any allegation in the Complaint is not specifically admitted or denied, it is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendant states the following affirmative and other defenses, and reserves the right to assert other defenses with regard to some or all of Plaintiff's causes of action:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

All actions taken by Defendant with regard to Plaintiff were based on legitimate business reasons and constituted legitimate business decisions.

## THIRD DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff is estopped as to such claims by her own actions, misconduct and unclean hands.

## FOURTH DEFENSE

Any monetary relief Plaintiff seeks, or might otherwise be entitled to receive, must be reduced by the amounts Plaintiff earned or received, or with reasonable diligence could have earned or received, through mitigation or otherwise, or which she otherwise failed to seek or accept, during or covering the period for which she seeks monetary relief.

## FIFTH DEFENSE

Plaintiff has failed to act with good faith with regard to her responsibilities toward Defendant. Specifically, she was discharged for improper conduct.

### SIXTH DEFENSE

Plaintiff's relationship with Defendant was that of an employee at will.

### SEVENTH DEFENSE

Plaintiff has failed to state a claim with regard to the alleged wrongful discharge in violation of public policy.

### EIGHTH DEFENSE

The applicable law does not entitle Plaintiff to recover the damages she has requested.

Defendant reserves the right to assert additional affirmative or other defenses with regard to some or all of Plaintiff's claims.

WHEREFORE, Defendant requests that the Complaint be dismissed in its entirety, with prejudice, and that it be awarded its fees and costs together with such other and further relief as the Court may deem appropriate.

Respectfully submitted,

_/s/ Frank C. Morris, Jr._
Frank C. Morris, Jr.
EPSTEIN BECKER & GREEN, P.C.
Bar No. 211482
1227 25th Street, NW
Suite 700
Washington, D.C. 20037-1156
(202) 861-1880
Counsel for Defendant AARP

## CERTIFICATE OF SERVICE

The undersigned counsel for the Defendant hereby certifies that a true and correct copy of the attached Answer to Count II of the Complaint was served on the 20th day of August, 2008 via Electronic Service upon the following attorney for the Plaintiff:

> Edwin J. Tolchin, Esq.
> Fettman, Tolchin & Majors, P.C.
> 10509 Judicial Drive, Suite 300
> Fairfax, VA 22030

> /s/ Frank C. Morris, Jr.
> Frank C. Morris, Jr.

August 20, 2008