UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINE VREVEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1099 (PLF) |
| AMERICAN ASSOCIATION OF RETIRED PERSONS, | ) ) ) ) | |
| Defendant. | ) ) | |

OPINION

This matter, which stems from defendant's termination of plaintiff Line Vreven's employment, is before the Court on plaintiff's motion to amend her complaint, and on defendant's two motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court heard oral argument on March 18, 2009. After carefully considering the papers filed by the parties, the relevant case law, and the arguments of counsel, the Court grants plaintiff's motion to amend, and grants defendant's motion to dismiss in part and denies it in part.[1]

---

[1]  The Court considered the following papers: plaintiff's First Amended Complaint ("Compl."); plaintiff's Amended Motion for Leave to File First Amended Complaint; defendant's Opposition to Plaintiff's Motion for Leave to File First Amended Complaint; plaintiff's Reply in Support of Amended Motion for Leave to File First Amended Complaint; defendant's Motion to Dismiss Count I of Complaint; plaintiff's Opposition to Defendant's Motion to Dismiss Count I of the Complaint; defendant's Reply Brief in Support of Motion to Dismiss Count I of Complaint; defendant's Motion to Dismiss Count III of First Amended Complaint; plaintiff's Opposition to Defendant AARP's Motion to Dismiss Count III of First Amended Complaint; and defendant's Reply Brief in Support of Defendant AARP's Motion to Dismiss Count III of First Amended Complaint.

I. BACKGROUND

Plaintiff alleges that she worked for defendant, the American Association of Retired Persons ("AARP"), in various capacities in the International Affairs department from May 17, 2006 until her discharge on May 15, 2008. See Compl. ¶¶ 5, 7, 8, 13.[2] During her employment by AARP, plaintiff alleges that she expressed concerns to her supervisors about AARP's relationship with AARP Global Network, LLC ("AGN"), a limited liability company founded and wholly owned and operated by AARP. See id. ¶¶ 9, 10. Plaintiff alleges that she was concerned that AARP's relationship with AGN jeopardized AARP's tax exempt status (pursuant to Section 501(c)(4) of the Internal Revenue Code). See id. ¶¶ 6, 10. Plaintiff also alleges that during her employment she expressed concerns to her supervisors about AARP employees' mishandling and improper spending of AARP funds as well as their use of inadequate audit procedures. See id. ¶ 11. She alleges that she was terminated because she had objected to AARP's "abuse and its structure and tax-exempt status resulting in AARP's evasion and avoidance of taxes pursuant to the Internal Revenue Code." Id. ¶ 15.

Plaintiff further alleges that defendant's chief executive officer, William Novelli, told others at AARP that plaintiff's employment was terminated because she engaged in misconduct, bore responsibility for missing money or assets, did not manage her AARP subordinates appropriately, and allowed them to steal from AARP, and that she personally stole money from AARP. See Compl. ¶ 29. She also alleges "upon information and belief" that Mr. Novelli repeated these comments to unnamed people outside of AARP. See id. Plaintiff alleges

---

[2] All references to the "Complaint" in this Opinion are to the First Amended Complaint.

that Mr. Novelli's statements about the reason for her discharge were false and defamatory.  See Compl. ¶ 30.

Plaintiff filed suit in this Court on June 25, 2008.[3]  Her original complaint asserted two counts — wrongful discharge (Count I) and unlawful discrimination based on her national origin (Belgian) (Count II).  On December 22, 2008, plaintiff moved to amend her complaint to add a claim for defamation (Count III).

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 544 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197 (2007); Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell

---

[3]  Plaintiff, a resident of Maryland, alleges jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. 1332(a).  See Compl. ¶¶ 1, 3.  Defendant, a District of Columbia nonprofit corporation with its principal place of business in the District of Columbia, does not challenge diversity jurisdiction.  See Compl. ¶ 2.

Atlantic Corp. v. Twombly, 550 U.S. at 555; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 550 U.S. at 556, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 557  The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 555, because Rule 8(a)(2) requires a "showing," rather than a "blanket assertion," of entitlement to relief, id. at 555 n.3. The complaint must be sufficient "to state a claim for relief that is plausible on its face." Id. at 570. The Court referred to this newly clarified standard as "the plausibility standard." Id. at 560 (abandoning the "no set of facts" language from Conley v. Gibson). The D.C. Circuit has noted that Twombly "leaves the long-standing fundamentals of notice pleading intact." Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d at 15.

  On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. The complaint "is construed liberally in the [plaintiff's] favor, and [the Court should] grant [the plaintiff] the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d at 1276. Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).

III. DISCUSSION

*A. Motion to Amend Complaint*

Plaintiff moves to amend her complaint to add a new count (Count III) for defamation related to her discharge by AARP. Rule 15(a) of the Federal Rules of Civil Procedure allows for liberal amendment of pleadings, "when justice so requires." FED. R. CIV. P. 15(a); see, e.g., Howard v. Gutierrez, 237 F.R.D. 310, 312 (D.D.C. 2006) (quoting Davis v. Liberty Mutual Insurance Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments.") (citations omitted)). The presumption runs in the plaintiff's favor that she may amend her complaint "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). The decision whether to grant or deny leave to amend is within the district court's discretion. See Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

Defendant opposes plaintiff's motion to amend on the ground of futility, making virtually the same arguments as those contained in its subsequent motion to dismiss Count III. Since the defendant has moved to dismiss the complaint as amended, and the Court heard oral argument on that motion, the Court will grant plaintiff's motion to amend and consider the motion to dismiss Count III on its merits.[4]

---

[4] Because the allegations in the amended complaint as to Counts I and II appear identical to those in the original complaint, the Court will treat defendant's motion to dismiss Count I of the original complaint as applying to the amended complaint.

*B. Plaintiff Has Stated a Claim for Wrongful Discharge*

Defendant moves to dismiss Count I of plaintiff's complaint, alleging wrongful discharge, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under District of Columbia law, "[a]n employee who serves at the will of his or her employer may be discharged 'at any time and for any reason, or for no reason at all.'" Liberatore v. Melville Corp., 168 F.3d 1326, 1329 (D.C. Cir. 1999) (quoting Adams v. George W. Cochran & Co., 597 A.2d 28, 30 (D.C. 1991)). District of Columbia law thus presumptively bars wrongful termination claims brought by at-will employees. See Holman v. Williams, 436 F. Supp. 2d 68, 76 (D.D.C. 2006).

District of Columbia courts recognize limited exceptions to this presumptive bar. In Adams v. George W. Cochran & Co., the District of Columbia Court of Appeals recognized a "very narrow" policy exception to this rule — a discharged employee may bring a wrongful termination claim when "the sole reason for the discharge is the employee's refusal to violate the law." Adams v. George W. Cochron & Co., 597 A.2d at 34. Despite plaintiff's argument to the contrary, she has not alleged any facts to support the conclusion that defendant discharged her because she refused to assist in the commission of unlawful acts. The conclusory assertion to this effect, see Compl. ¶ 16, is not sufficient under Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (to survive dismissal, plaintiff must furnish "more than labels and conclusions").

The District of Columbia Court of Appeals expanded the Adams exception slightly in Carl v. Children's Hospital, 702 A.2d 159 (D.C. 1997), in which it stated that circumstances other than an employee's outright refusal to violate a law may constitute grounds for a public policy exception if the employee acted in furtherance of a public policy "solidly

based on a statute or regulation that reflects the particular public policy to be applied or (if appropriate) on a constitutional provision concretely applicable to the defendant's conduct." Id. at 163 (Terry, J., concurring).[5]  The court in Carl considered the claims of plaintiff, a nurse, that she had been discharged because she advocated for patients' rights and against her employer's interests both before the Council of the District of Columbia and in court as an expert witness for plaintiffs in medical malpractice cases. See Carl v. Children's Hospital, 702 A.2d at 160. Relying on a provision of the District of Columbia Code that prohibited threatening behavior against witnesses before the Council of the District of Columbia, the court determined that the Code constituted "a declaration of policy by the Council seeking to ensure the availability of information essential to its legislative function by imposing criminal penalties on anyone who seeks to impede Council access to such information." Id. at 165.  The court further explained that plaintiff had alleged an adequately "close fit" between this public policy and her termination: "the most severe and most effective [method of influencing the employee's testimony before the Council] — the one that would inflict the greatest injury on the person or property of the employee — is the termination of employment." Id.

       The Court finds that plaintiff has stated a claim under the exception articulated in Carl v. Children's Hospital based on her allegations that she was terminated because "she objected to AARP's abuse of its structure and tax-exempt status." Compl. ¶ 15.  As Judge

---

[5]    Relying on Carl v. Children's Hospital, the courts have treated Judge Terry's concurring opinion as the relevant standard.  See, e.g., Riggs v. Home Builders Inst., 203 F. Supp. 2d 1, 8 n.5 (D.D.C. 2002) ("While a majority of judges on the *en banc* court . . . did not explicitly articulate the precise confines of the public policy exception to the at-will doctrine, Judge Terry's concurrence appears to at least implicitly represent the broadest demarcation of its boundaries acceptable to a majority of the court.").

Hogan explained in Riggs, a case involving Section 501(c)(3) of the Internal Revenue Code, "the policy of protecting against abuse of the public treasury by utilizing its funds for partisan activity is a sufficiently clear mandate of public policy for the purposes of Carl." Riggs v. Home Builders Institute, 203 F. Supp. 1, 21 (D.D.C. 2002).  While plaintiff has not specified the manner in which AARP allegedly violated its tax exempt status under Section 501(c)(4) and evaded or avoided taxes, other than through its relationship with AGN, Compl. ¶¶ 9-10, the Court finds her allegations sufficient under Rule 8(a) and Twombly to invoke the Carl exception. See Holman v. Williams, 436 F. Supp. 2d at 78; Riggs v. Homebuilders Institute, 203 F. Supp. 2d at 21-22.  They make plausible the conclusion that defendant discharged plaintiff as a result of her objections to alleged violations of defendant's tax exempt status.  Defendant's motion to dismiss Count I will be denied.

### C.  Plaintiff Has Not Stated a Claim for Defamation

In order to make out a *prima facie* case of defamation under District of Columbia law, a plaintiff must allege facts showing: (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.  See Marsh v. Hollander, 339 F. Supp. 2d 1, 5 (D.D.C. 2004) (citing Crowley v. North Am. Telcoms. Ass'n, 691 A.2d 1169, 1173 (D.C. 1997)); see also Restatement (Second) of Torts § 558 (1977).

Defendant argues that the defamation claim should be dismissed because the complaint is insufficiently specific as to the second element — defendant's publication of the statement to *a third party*. Defendant asserts that the description in plaintiff's complaint of the alleged third parties is too vague to state a claim adequately. Plaintiff has alleged that Mr. Novelli made defamatory statements about her to "others at AARP and, upon information and belief, [to people] outside of AARP . . ." Compl. ¶ 29. While there is no heightened pleading standard for defamation claims in the District of Columbia, see Croixland Props. Ltd. Partnership v. Corcoran, 174 F.3d 213, 215 n. 2 (D.C. Cir. 1999), such claims must be pleaded with particularity and specify the person or persons to whom the statements were made or published. Coates v. Law School Admission Council, Civil Action No. 05-0641, 2005 U.S. Dist. LEXIS 35217 at *6 (D.D.C. October 25, 2005) (citing Wiggins v. Dist. Cablevision, Inc., 853 F.Supp. 484, 494 (D.D.C. 1994)). In addition, all plaintiffs, of course, are bound by the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and the Supreme Court's recent explication of that Rule in Twombly. The Court therefore must determine whether Count III of plaintiff's complaint adequately identifies third parties, or "listeners," with sufficient specificity to enable the defendant to answer the complaint and thereby withstand defendant's motion to dismiss. See Oparaugo v. Watts, 884 A.2d 63, 77 (D.C. 2005) ("we consider whether the factual allegations are sufficient to respond to appellant's claim of defamation").

In Oparaugo v. Watts, the District of Columbia Court of Appeals concluded that the allegation that a defamatory letter was published to "various persons, both private and public, in Nigeria" was insufficient to state the third parties to whom the letter was published and thus too broad to provide sufficient notice to enable the opposing party to prepare an answer.

9

Oparaugo v. Watts, 884 A.2d at 78.  The court contrasted the breadth of that alleged publication with a separate allegation that the letter was published to "the Nigerian authorities in [plaintiff's] court case," and found that the latter was sufficiently specific to state a claim for defamation, while the former was not.  Id.  Here, plaintiff's allegation "on information and belief" that Mr. Novelli defamed her to unnamed people outside of AARP is as vague and amorphous as the allegation rejected by the court in Oparaugo.  The Court also concludes that plaintiff's allegation that Mr. Novelli defamed her to unnamed AARP employees also fails to clear the Oparaugo threshold.  The court in Oparaugo relied on the fact that plaintiff specified the particular Nigerian court employees involved in the plaintiff's case, namely, those "Nigerian authorities who were considering appellant's complaint against Mrs. Oparaugo's family in Nigeria."  See Oparaugo v. Watts, 884 A.2d at 78.  "These allegations," the court held, were "sufficient to apprise appellees of the persons to whom the letter was published, at least by category."  Id.

In this case, plaintiff alleges that AARP's CEO, Mr. Novelli, who oversees the entire organization, "has told [unnamed] others at AARP" various allegedly defamatory things about plaintiff.  See Compl. ¶ 29.  Plaintiff fails to narrow this allegation any further by identifying anyone to whom Mr. Novelli spoke or wrote by name, by department, or by any other identifying feature.  At oral argument, counsel for defendant represented that AARP employs about 2,200 people, most of whom work in the same building as did plaintiff.  Plaintiff's complaint, taken at face value, makes possible the conclusion that Mr. Novelli may have defamed her to any one of these employees.  Absent any factual allegations that narrow this field, defendant would have to conduct thousands of interviews in order to answer the complaint.  The Court finds that plaintiff's complaint thus does not give defendant "fair notice" of the nature of

the claims and the "grounds" on which the claim rests, both of which are necessary in order for defendant to respond properly.  See Bell Atlantic v. Twombly, 550 U.S. at 555 n.3; see also Oparaugo v. Watts, 884 A.2d at 77-78.

Plaintiff is not helped by Crowley v. North Am. Telcoms. Ass'n, 691 A.2d 1169 (D.C. 1997).  The plaintiff in that case alleged that a former supervisor defamed him to unnamed "employees and former co-workers[.]"  Id. at 1171.  While the court in Crowley did not quote from plaintiff's complaint, it found the complaint sufficient to withstand a motion to dismiss because it allowed for "identification by employment" of the third party audience for the defamatory comments.  Id. at 1172.  It provided no explanation for that finding, and the Court is unwilling to conclude that this characterization was shorthand for an allegation as broad and unrefined as plaintiff's allegation that she was defamed to unnamed AARP employees anywhere in the building in which she worked.  Interpreting Crowley this broadly would compel the Court to reach the conclusion that an allegation that defamatory statements made, for example, to "employees at General Motors," would be sufficient to state a claim simply because the plaintiff had identified a category of employees.  Such a conclusion flies in the face of the requirement that defamation cases be pled with particularity, as well as the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  The Court therefore grants defendant's motion to dismiss with respect to Count III of plaintiff's complaint.[6]

---

[6] Plaintiff's counsel suggested at oral argument that the Court could "infer" from paragraph 31 of the complaint that Mr. Novelli at least told members of AARP's Board those things which plaintiff says are defamatory.  But that is not what paragraph 31 asserts.  "Without some factual allegation in the complaint" that Mr. Novelli made these statements to the Board of Directors, "it is hard to see how [plaintiff] could satisfy the requirement of providing . . . 'fair notice'" to defendant.  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 n. 3.

## IV. CONCLUSION

For these reasons, the Court will grant plaintiff's motion for leave to file her first amended complaint and will deny in part and grant in part defendant's motions to dismiss. Count III of the Amended Complaint is dismissed. Counts I and II remain pending. A separate Order consistent with this Opinion will issue this same day.


_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 25, 2009